FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 OCT 24  PM 2: 28

CLERK, US COURT
MIDDLE DISTRICT FLORIDA
FT MYERS DIVISION

Clifton C. Williams,

      Petitioner,

vs.        Case No. 2:07-cv-577-FtM-34SPC

20th Judicial Circuit Court, Lee County, Florida,

      Respondent.
_____

### ORDER[1]

This matter comes before the Court upon review of the September 7, 2007, Order of Transfer from the Orlando Division of this Court (Doc. #4). Clifton C. Williams ("Williams"), who is being held in the Lee County Jail, filed a handwritten pleading seeking to have his pending state criminal matter, which is pending in the Twentieth Judicial Circuit, removed to this Court on the alleged basis that his speedy trial rights have been violated (Doc. #1). The pleading was construed by the Orlando Division as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Due to the nature of the relief sought by Williams, this Court construes the pleading as a Notice of Removal filed pursuant to 28 U.S.C. § 1446 ("Notice").[2]

Upon initial screening, the Court finds the Notice untimely and

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2]"I, Clifton Curtis Williams, being of a sound mind am hereby seeking removal of this said case from state court to this said Middle District Court without delay." Notice of Removal at 1.

shall order a remand of this matter pursuant to 28 U.S.C. § 1446(c)(4). In particular, 28 U.S.C. § 1446(c)(1) provides:

> A notice or removal of a criminal prosecution shall be filed not later than thirty (30) days after the arraignment in the State court, or at any time before trial, whichever is earlier, except for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

Here, Williams acknowledges that he has been incarcerated in the Lee County Jail since January, 2006. Notice at 1. Thus, it is clear that the 30 day time period for removing Williams' State criminal action has long since expired. Further, Williams does not articulate any good cause for the Court to grant leave to file out of time.[3] Consequently, the Court need not determine whether it has jurisdiction over Williams' underlying state court criminal matter. 28 U.S.C. § 1443.

ACCORDINGLY, it is hereby **ORDERED**:

1. This case is summarily remanded to the Twentieth Judicial Circuit Court, Lee County, Florida.

2. The Clerk of Court shall terminate any pending motions and close this file.

---

[3] The Court takes judicial notice of Williams' State Felony Case Detail and notes that he was arrested on January 3, 2006 and charged with capital sexual battery in case no. 06-CF-014044. Williams was arraigned on these charges on February 6, 2006. Despite Williams' claims that his speedy trial rights have been violated, the state court docket reflects that Williams waived his speedy trial rights on March 9, 2006, June 29, 2006, August 24, 2006, September 21, 2006, December 4, 2006, and June 28, 2007. Williams' case is scheduled for trial on October 29, 2007. http://www.leeclerk.org/crim_case_list_new.

3.   A courtesy copy of this Order shall be provided to the Clerk of Court, Twentieth Judicial District, Lee County Florida.

**DONE AND ORDERED** in Fort Myers, Florida, on this 24th day of October, 2007.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record
    Clerk of Court, Lee County, Criminal Felony Docket